IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: BOSTON SCIENTIFIC CORP.
       PELVIC REPAIR SYSTEM                               MDL NO. 2326
       PRODUCTS LIABILITY LITIGATION

THIS DOCUMENT RELATES TO:

*Avila v. Boston Scientific Corp.*                  Civil Action No. 2:13-cv-33031

## ORDER

Pending before the court is defendant Boston Scientific Corporation's ("BSC") Renewed Motion to Dismiss for Failure to Comply with Pretrial Order No. 100 ("Renewed Motion") [Docket 50]. The plaintiff has not responded, and the deadline for responding has expired. Thus, this matter is ripe for my review.

The Renewed Motion arises from this court's Amended Order [Docket 47], entered on January 28, 2015, denying BSC's Motion to Dismiss for Failure to Comply with Pretrial Order # 100.[1] In reaching this decision, I relied on *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494 (4th Cir. 1977), in which the Fourth Circuit identified four factors that a court must consider when reviewing a motion to dismiss on the basis of noncompliance with discovery. (*See* Order [Docket 47], at 4–6 (applying the *Wilson* factors to Ms. Avila's case)).[2] Concluding that the first

---

[1] Pretrial Order # 100 sets forth discovery procedures and deadlines for the Wave 1 and Wave 2 cases selected by the parties in MDL 2326. In relevant part, Pretrial Order # 100 provides that if a plaintiff does not submit a "substantially completed" Plaintiff Fact Sheet by February 17, 2014, the defendant may request an appropriate remedy from the court. (Pretrial Order # 100, MDL 2326, ¶¶ 5, 8). Ms. Avila's case, selected into Wave 1, is governed by this provision.

[2] The *Wilson* factors are as follows:

> (1) Whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

three factors weighed in favor of dismissal with prejudice, I nevertheless declined to order dismissal based on the last factor, which requires the court to assess the effectiveness and availability of less drastic sanctions. (*Id.*). In recognition of this duty, I gave Ms. Avila "one more chance to comply" with Pretrial Order # 100. (*Id.* at 5–6). I afforded her fifteen days to submit a Plaintiff Fact Sheet in accordance with Pretrial Order # 100, with the caveat that a failure to do so would "result in dismissal with prejudice upon motion by the defendant." (*Id.* at 6). Despite this warning, Ms. Avila has again refused to comply with this court's orders and did not provide BSC with her Plaintiff Fact Sheet within the fifteen-day period. Consequently, BSC has renewed its motion to dismiss the plaintiff's case with prejudice.

Because the less drastic sanction instituted against Ms. Avila has had no effect on her compliance with and response to this court's discovery orders, which she has continued to blatantly disregard, I find that dismissal with prejudice is now appropriate. For the reasons explained in my January 28 Order [Docket 47], BSC's Renewed Motion [Docket 50] is **GRANTED**. This case is thereby **DISMISSED with prejudice**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 10, 2015

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

*Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson*, 561 F.2d at 503–06).